UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NIDIA E. NIEVES,**

     **Plaintiff,**

v.                                                                                  Case No.  8:05-CV-2086-T-EAJ

**MICHAEL J. ASTRUE,**[1]
**Commissioner of Social Security,**

     **Defendant.**
_____ /

## FINAL ORDER

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United Sates Code, Section 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits ("DIB") under the Act.[2]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed, the administrative record, and the pleadings and memoranda submitted by the parties in this case.

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Therefore, pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Dkt. 12).

applicable legal standards. See 42 U.S.C. § 405(g) (2003). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979) (citations omitted).[3]

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

**I.**

Plaintiff alleges that she became disabled on December 3, 1993 due to injuries in both shoulders as well as chronic pain throughout the entire body, anxiety, depression, fibromyalgia, arthritis, and osteoporosis. (T 58, 82, 376) Plaintiff filed an application for DIB on April 18, 2003. (T 58-59A) Her application was denied initially on June 20, 2003, and after reconsideration on August 28, 2003. (T 37, 44) The ALJ held an administrative hearing on January 13, 2005.[4] (T 11,

---

[3] Decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981).

[4] A discrepancy exists in the record regarding the date the administrative hearing occurred. The Notice of the Hearing and the ALJ's opinion state that the hearing occurred January 13, 2005 (T 11, 17, 22); however, the transcript of the hearing is dated January 3, 2004. (T 364, 366) This court has determined from the record that the administrative hearing occurred January 13, 2005.

17, 22) The ALJ denied benefits to Plaintiff in a decision dated June 24, 2005. (T 22-28) The Appeals Council denied Plaintiff's request for review on September 21, 2005, allowing the ALJ's decision to stand. (T 3-5) Plaintiff filed a timely petition for judicial review of the Commissioner's denial after exhausting all administrative remedies (Dkt. 1). The Commissioner's decision is ripe for review under the Act.

At the time of the hearing, Plaintiff was fifty-eight years old[5] and had a high school education. (T 88, 369, 372) Her past work experience includes work as a retail salesperson in a clothing store and as a receptionist at H&R Block. (T 95, 374-75) To determine if Plaintiff is disabled, the ALJ performed a five-step evaluation. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity after the onset of her alleged disability in 1993. (T 27) Second, after examining the medical evidence, the ALJ found that Plaintiff has a history of complaints about pain, which include neck, shoulder, and knee pain. (T 23-24) Plaintiff also suffers from fibromyalgia, arthritis, and depression, which the ALJ determined are "severe" impairments. (T 25, 27) However, the ALJ decided that these impairments, either singly or in combination, do not meet or medically equal an impairment listed in the Listing of Impairments. (Id.)

The ALJ determined in the third step that Plaintiff has a residual functional capacity ("RFC") of sedentary exertion with no overhead reaching, a sit/stand at will option, and occasional lifting of ten pounds.[6] (Id.) Fourth, based upon Plaintiff's RFC, the ALJ found that Plaintiff cannot perform

---

[5] Plaintiff's birthday is January 19 and the administrative hearing was January 13; thus, Plaintiff was six days shy of fifty-nine years old at the time of the hearing. (T 369)

[6] The ALJ stated that the state agency examiners found Plaintiff to be capable of medium exertion but did not adequately account for Plaintiff's limitations; thus, the ALJ gave Plaintiff the "benefit of the doubt" and assigned her a sedentary exertion level with limitations. (T 25)

her past relevant work. (T 26, 28)

In the fifth step, the burden is on the Commissioner to show that there is a significant number of other jobs in the national economy that Plaintiff can perform consistent with her work experience, age, education, and RFC. The ALJ determined that Plaintiff is of "advanced age" according to 20 C.F.R. § 404.1563. (T 28) Relying on the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff has transferable skills from semi-skilled, prior work. (T 26-27) The VE testified that Plaintiff has transferable skills, that there are many jobs in the national economy fitting Plaintiff's profile, and that Plaintiff could obtain a job and make a successful adjustment to it based upon her prior work experience, RFC, age, and education. (T 28, 386-88). Accordingly, the ALJ found that Plaintiff is not disabled as defined by the Act. (T 28)

The medical evidence has been summarized in the ALJ's decision and will not be repeated here except as necessary to address the issues presented.

## II.

Plaintiff argues that the Commissioner erred by (1) failing to address whether Plaintiff has "readily transferable" skills; and (2) finding that Plaintiff has limitations only in reaching overhead with her right arm rather than in all directions (Dkt. 19 at 6, 7).

**A.** Plaintiff contends that the ALJ failed to develop the record as to Plaintiff's transferable skills in accordance with 20 C.F.R. § 404.1568(d)(4) which governs the transferability of skills for individuals of advanced age. Specifically, Plaintiff argues that the ALJ erred in basing his decision on this issue on a deficient hypothetical question posed to the VE (Dkt. 19 at 8-9).

The Commissioner responds that transferability of skills is a moot issue because Plaintiff was not of "advanced age" as of her date last insured, which was March 31, 2000, and, therefore, 20

C.F.R. § 404.1568(d)(4) is inapplicable in this case (Dkt. 20 at 5).

In determining a claimant's age for advanced-age status, the age at the time of the decision governs. Crook v. Barnhart, 244 F. Supp. 2d 1281, 1283 (N.D. Ala. 2003) (citing Valery v. Sec'y of Health & Human Servs., 820 F.2d 777, 780 (6th Cir. 1987) (rejecting "the Secretary's argument that the relevant time for determining a plaintiff's age is either the date of application or the date of the first hearing")). Plaintiff was fifty-nine years old at the time of the ALJ's decision. Therefore, the ALJ properly concluded that Plaintiff is a person is a "person of advanced age" pursuant to 20 C.F.R. § 404.1563(e). Accordingly, special rules apply in Plaintiff's case regarding the transferability of skills for individuals of advanced age. Id.; 20 C.F.R. § 404.1568(d)(4).

Pursuant to the Regulations, a claimant of advanced age with severe impairments and RFC limited to sedentary work will be considered to have skills transferable to skilled or semi-skilled sedentary work "only if the sedentary work is so similar to the claimant's previous work that the claimant would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry." 20 C.F.R. § 404.1568(d)(4). Essentially, "it is not enough . . . that the claimant possess transferable skills; their transfer must require little if any vocational adjustment." Burton v. Sec'y of Health and Human Svcs., 893 F.2d 821, 824 (6th Cir. 1990). This requirement is commonly referred to as a claimant possessing "readily transferable" skills. See 20 C.F.R. § 404, Subpt. P, Appx. 2, § 201.00(e)-(f).

In finding Plaintiff not disabled, the ALJ found that Plaintiff was capable of performing a significant range of sedentary work and that Plaintiff "has transferable skills from semi-skilled work previously performed." (T 26, 28) The ALJ based his decision on the VE's testimony that Plaintiff has acquired skills that are transferable to other sedentary, semi-skilled jobs such as information

clerk and appointment clerk that exist in significant number in the national and regional economies.[7]

(T 27, 386) Although the ALJ questioned the VE regarding whether Plaintiff has any transferable skills, the ALJ failed to further develop the hypothetical regarding whether Plaintiff's skills are "readily transferable." In questioning the VE, the exchange regarding Plaintiff's transferable skills proceeded as follows:

> ALJ: Are there any transferable skills that the Claimant acquired?
> VE: There are and just about the acquired skills would be transferable to other things.
> ALJ: Okay. Using those acquired skills, would there be other work in the regional or national economy that such a person could perform?
> VE: Yes.

(T 386) The VE then testified that the hypothetical individual could perform other sedentary, semi-skilled work as an information clerk or appointment clerk. (T 386-87) The ALJ did not question, and the VE did not testify, as to whether Plaintiff would need to make any vocational adjustment in terms of tools, work processes, work settings, or the industry in order to be able to perform the other sedentary work.

The ALJ's failure to pose a complete hypothetical to the VE regarding whether Plaintiff's acquired skills are "readily transferable" was in error. Therefore, remand is necessary to allow the ALJ to apply the correct legal standard.

**B.**  Plaintiff also contends that the Commissioner erred in finding that Plaintiff has limitations only in reaching overhead with her right arm, as opposed to limitations reaching in all directions

---

[7] In his decision, the ALJ states that the VE testified that Plaintiff has the following transferable skills: appointment scheduling, customer service, giving and receiving complex information, computer data input, typing, report and correspondence preparation, knowledge of filing and filing systems. (T 26) However, the transcript of the administrative hearing does not reflect such testimony from the VE. (T 385-88) This discrepancy must also be resolved on remand.

(Dkt. 19 at 6). Specifically, Plaintiff argues that the ALJ's failure to discuss the state agency consultants' opinions that Plaintiff has limitations in reaching in all directions with her right arm was in error (Id. at 7).

In assessing medical evidence in a disability case, the ALJ is required to state with particularity the weight given to different medical opinions and the reasons therefor. Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987) (citation omitted). Generally, a treating physician's opinion is entitled to considerable weight unless there is good cause to reject such an opinion. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982) (citations omitted). The opinions of state agency consulting physicians, standing alone, do not constitute substantial evidence, especially when contrary to those of treating physicians. Spencer ex. rel. Spencer v. Heckler, 765 F.2d 1090, 1094 (11th Cir. 1985). However, "the ALJ may reject any medical opinion if the evidence supports a contrary finding." Sharfarz, 825 F.2d at 280.

In the instant case, the ALJ noted that a physical examination of Plaintiff performed by Marc Richman, D.O. ("Dr. Richman") on July 21, 1997 "revealed 50 percent active and passive range of motion of the right shoulder in all planes." (T 24, 181) On August 21, 1997, Plaintiff underwent manipulation under general anesthesia on her right shoulder. (T 24, 132-48) In the operative report, Dr. Richman stated that "[t]here is adhesive capsulitis of the right shoulder restricting the motion to approximately 50%." (T 133)

In 2003, two state agency consultants completed RFC assessments of Plaintiff. On June 19, 2003, one consultant indicated that Plaintiff has limited ability to frequently reach in all directions, including overhead, with her right arm. (T 245) On August 28, 2003, Caroline L. Moore, D.O. ("Dr. Moore") also found that Plaintiff has limited ability to frequently reach in all directions, including

7

overhead, with her right arm. (T 267)

Mitchell Lowenstein, M.D. ("Dr. Lowenstein") began treating Plaintiff on August 14, 2003 for fibromyalgia and trigger-point tenderness. (T 286) On June 24, 2004, Dr. Lowenstein completed a pain interrogatory and physical capacity evaluation of Plaintiff. (T 286-88) Dr. Lowenstein did not physically test any of Plaintiff's areas of limitation other than her ability to reach "above shoulder level". (T 288) Dr. Lowenstein concluded in this assessment that Plaintiff is able to reach above shoulder level. (Id.) The assessment does not indicate any circumstances surrounding the testing of Plaintiff's reaching ability such as duration, frequency, or range of movement required by the test.

In his decision, the ALJ specifically assigned "little weight" to the opinion of Dr. Lowenstein. (T 25) The ALJ discredited Dr. Lowenstein's opinion based on "the limited treatment history" and because Dr. Lowenstein's physical assessment of Plaintiff was not based on objective testing. (Id.) However, in finding that Plaintiff's "significant problems involving her shoulders, both of which required surgical intervention" do not render Plaintiff disabled, the ALJ credited Dr. Lowenstein's physical assessment of Plaintiff and stated that Dr. Lowenstein "indicated that [Plaintiff] is capable of reaching overhead, despite her history of shoulder problems." (Id.)   Despite this, the ALJ did include no overhead reaching in his hypothetical question.

In evaluating the state agency consultants' opinions, the ALJ stated:

> The undersigned has also considered the opinions of state medical consultants, who assessed the claimant's physical residual functional capacity and determined that she is capable of medium exertion. The undersigned gives the claimant the benefit of the doubt and finds that the state's consultants did not adequately account for the claimant's actual limitations.

(T 25) Clearly, the ALJ accepted, at a minimum, the state agency consultants' opinions because he gave Plaintiff the benefit of the doubt that her limitations were actually greater than what the state

8

agency physicians stated, in giving Plaintiff "the benefit of the doubt."

Moreover, the ALJ noted that Plaintiff's July 21, 1997 physical examination by Dr. Richman revealed fifty percent active and passive range of motion of the right shoulder *in all planes*. (T 24) (emphasis added) However, the ALJ failed to mention what weight, if any, the ALJ accorded Dr. Richman's evaluation. (T 25)

The ALJ explicitly included "no overhead reaching" as a limitation on Plaintiff's RFC. (T 25, 27) At the hearing, the ALJ included the same limitation in the hypothetical questions to the vocational expert. (T 386) When the VE questioned the ALJ regarding whether the "no overhead reaching" was an absolute, the ALJ replied in the affirmative, stating: "I think we have to . . . I think the evidence justifies that." (Id.) Yet the ALJ failed to address whether Plaintiff was limited in reaching in all directions with her right arm, not just overhead.[8] If she were so limited, it is not clear from the present record whether she would be able to engage in substantial, gainful employment.

Given these discrepancies in the ALJ's opinion, remand is necessary on this issue for consideration and clarification as to the weight accorded the different medical opinions in this case, specifically as to Plaintiff's ability to reach in all directions with her right arm. Among other things, the Commissioner shall specifically address the state agency physicians' opinions that Plaintiff has limited ability to reach frequently in all directions with her right arm and Dr. Richman's assessment as well.

### III.

Remand is necessary to allow the ALJ to apply the proper legal standard regarding whether

---

[8] This is not a case where the ALJ merely resolved inconsistencies in the medical evidence; rather, the ALJ's opinion itself is inconsistent as to the ALJ's consideration of the evidence before him.

Plaintiff's acquired skills are "readily transferable" to other jobs in the national economy. Additionally, remand is necessary to allow the ALJ to apply the proper legal standard regarding the weight afforded to the various medical opinions in this case. On remand, the parties shall be afforded an opportunity to present additional evidence on the issues remaining for determination. The court expresses no view as to what the result should be on remand.

Accordingly and upon consideration, it is **ORDERED AND ADJUDGED** that:

(1) the decision of the Commissioner is **REVERSED** and the case **REMANDED** under sentence four for further proceedings and consideration consistent with the foregoing; and

(2) the Clerk of Court shall enter final judgment in accordance with 42 U.S.C. § 405(g) as a "sentence four" remand and close the file, with each party bearing its own costs and expenses.

**DONE AND ORDERED** in Tampa, Florida this 28th day of March, 2007.

ELIZABETH A JENKINS
United States Magistrate Judge